FILED
01 APR -2 AM 9:50
U. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR - 2 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LORETTA P. WILLIAMS,            }
                                }
      Plaintiff,                }
                                }       CIVIL ACTION NO.
v.                              }
                                }       99-AR-3415-S
UNIVERSITY OF ALABAMA HEALTH    }
SERVICES FOUNDATION, P.C.,      }
                                }
      Defendant.                }

**MEMORANDUM OPINION**

Plaintiff, Loretta P. Williams ("Williams"), moves this court to reconsider the March 19, 2001, order entered in favor of defendant, University of Alabama Health Services Foundation, P.C. ("UAHSF"). The court will construe Williams' "motion for reconsideration" as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set out below, Williams' motion will be denied.

**Discussion**

Williams criticizes this court's conclusion that she "failed to produce sufficient evidence to establish that Rayburn's [sic] conduct was of comparable seriousness as the conduct for which Williams was discharged." Williams argues that Rayborn's conduct (i.e., playing on the Internet, making personal telephone calls, misfiling charts) was of comparable seriousness as the conduct for which Williams was discharged. The evidence shows, however, that



the number of complaints, both oral and written, filed against Williams over a five-month period, far outweighed the three complaints filed against Rayborn over a sixteen-month period. Unlike Rayborn's conduct, Williams' conduct was exposing UAHSF to possible legal action. While UAHSF may have classified the conduct of both Williams and Rayborn as "performance problems", "Title VII does not take away an employer's right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir. 1984). As this court previously said, "[u]nder the law, Hammond is permitted to make hiring and firing decisions of persons under her authority, and she may legally terminate Williams' employment. All that Hammond may not do, for purposes of this dispute, is to fire Williams on account of her race." *Memorandum Opinion*, at 16-17.

Still, Williams asserts that UAHSF "manipulated, in a racially discriminatory manner, the terms, conditions and procedures of the workplace to bring about the plaintiff's discharge." *Williams' Motion*, at 2. Yet Williams has failed to point to or to present any specific facts which cast doubt on the truth of UAHSF's legitimate, nondiscriminatory reasons for terminating her employment. The court's "role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that

2

second-guesses employers' business judgments." *Alexander v. Fulton County*, 207 F.3d 1303, 1340 (11th Cir. 2000)(citing *Simms v. Oklahoma ex rel. Dept. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1329-30 (10th Cir. 1999)).

### Conclusion

In light of the well-settled case law on this subject in the Eleventh Circuit, Williams' motion for reconsideration will be denied by separate order.

DONE this 2nd day of April, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE
